**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-25-00177-CR
NO. 09-25-00178-CR
NO. 09-25-00179-CR
NO. 09-25-00180-CR
NO. 09-25-00181-CR

_____

**MAX ALEXANDER RODEMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause Nos. 23-08-11864, 23-08-11862,**
**23-08-11865, 23-08-11867, 23-08-11868**

**MEMORANDUM OPINION**

A grand jury indicted Max Alexander Rodeman on five counts for second-degree felony possession with intent to promote child pornography. *See* Tex. Penal Code Ann. § 43.26(g). Rodeman pleaded "guilty" to each count and was represented by counsel. After hearing evidence on punishment, the trial court assessed a

1

punishment of fifteen years in the Texas Department of Criminal Justice, Institutional Division, on each count and ordered the sentences to run concurrently. Rodeman timely filed a notice of appeal.

Rodeman's court-appointed appellate counsel filed an *Anders* brief that presents counsel's professional evaluation of the record and concludes the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Rodeman to file a pro se brief, and Rodeman did not file a pro se brief.

The Court of Criminal Appeals has held that when a court of appeals receives an *Anders* brief, the appellate court has two choices. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). "It may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[;] [o]r, it may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id*. (citing *Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991)). The Court of Criminal Appeals has held that we need not address the merits of issues raised in an *Anders* brief or a pro se response. *Bledsoe*, 178 S.W.3d at 826-27.

Upon receiving an *Anders* brief, this Court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*,

2

488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record, counsel's brief, and have found no reversible error and nothing that would arguably support an appeal. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford*, 813 S.W.2d at 511.

We affirm the trial court's judgments.

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on April 29, 2026
Opinion Delivered May 6, 2026
Do Not Publish

Before Golemon, C.J., Wright and Chambers, JJ.